IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDRE LOTT,<br><br>Defendant. | 8:20–CR–194<br><br>ORDER REFERRING DEFENDANT'S AMENDED MOTION TO WITHDRAW HIS GUILTY PLEA TO THE MAGISTRATE JUDGE FOR AN EVIDENTIARY HEARING |

This matter is before the Court on Defendant's "Amended Motion to Withdraw Guilty Plea." Filing 101; Filing 102. The Defendant previously pleaded guilty, in accordance with his plea agreement, to Count I of the Information. *See* Filing 78; Filing 82; Filing 85; Filing 86; Filing 89. The Court accepted Defendant's plea of Guilty on April 25, 2023, and found Defendant guilty. Filing 90 at 2. Defendant subsequently moved to withdraw his guilty plea on June 29, 2023. Filing 94. That motion has not yet been ruled upon. After filing his Motion to Withdraw his Plea of Guilty, Filing 94, Defendant retained new counsel. Filing 98. Defendant's prior counsel was permitted to withdraw on July 28, 2023. Filing 100 (Text Order). Defendant's new counsel then submitted an Amended Motion to Withdraw Defendant's Guilty Plea on August 14, 2023. Filing 101. Defendant's new counsel claims that his client's prior counsel "failed to ensure [the Defendant] was aware of, and failed to specifically discuss with [the Defendant], lab tests that failed to detect the presence of fentanyl in bags of substances that [one of the victims] allegedly possessed and/or sold to two other individuals." Filing 102 at 1. Thus, in Defendant's view, his prior counsel "provided prejudicial ineffective assistance of counsel by advising and/or allowing [the Defendant] to enter a guilty plea without ensuring that [the Defendant] was aware of, or that [the Defendant] fully understood, all exculpatory evidence." Filing 102 at 6. The Defendant asks that he therefore be allowed to withdraw his guilty plea. Filing 102 at 8.

1

"A guilty plea is a solemn act not to be set aside lightly." *United States v. Maxwell*, 498 F.3d 799, 801 (8th Cir. 2007) (quotations and citation omitted). Nevertheless, "[a]defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Other courts in this circuit have recognized that "ineffective assistance of counsel may present fair and just reasons to withdraw a guilty plea." *United States v. Marco-Quiroga*, 478 F. Supp. 2d 1114, 1130 (N.D. Iowa 2007). However, in order to assess whether a defense attorney provided deficient representation related to the plea process, courts must have a "properly developed record" which "would include cross-examination by [the defendant] of his counsel on the question of what advice counsel gave him." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). Accordingly, the Court will order that the Magistrate Judge assigned to this case hold an evidentiary hearing, make findings, and provide a recommendation as to whether the Defendant has good cause to withdraw his guilty plea based upon the matters he alleges in his Amended Motion to Withdraw his Plea of Guilty. *See* Filing 101; Filing 102.

IT IS ORDERED: This matter is referred to the assigned Magistrate Judge for an evidentiary hearing pursuant to NECrimR 59.1(d)(2).

Dated this 18th day of August, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge